UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Stellar Group, Incorporated, a Florida
corporation; and Stellar Energy Systems, Inc.,
a Florida corporation,

      Plaintiffs,

vs.                                                  Case No.  3:07-cv-475-J-25MCR

Circor Energy Products, Inc., an Oklahoma
corporation,

      Defendant/Third Party Plaintiff,

v.

Industrial Plant Supply, Inc., a Florida
corporation,

      Third Party Defendant.
_____/

## **O R D E R**

On September 4, 2007, the parties to the instant action filed a Notice of Filing Proposed Stipulated Protective Order along with a copy of the Stipulated Protective Order (Doc. 13).  The Notice fails to comply with Local Rule 3.01, United States District Court, Middle District of Florida and, more importantly, fails to provide the Court with the requisite good cause required by Rule 26 of the Federal Rules of Civil Procedure.  A Court may enter a protective order upon motion of a party "for good cause shown." FED. R. CIV. P. 26.  A protective order cannot be entered based solely on the consent of the parties; rather, the Court is required to make findings justifying such an order.  See In re Alexander Grant & Co. Litigation, 820 F.2d 352, 355 (11th Cir. 1987).

The parties are free to consent to a confidentiality agreement without the Court's involvement.  However, the Court may agree to enter a protective order when it is **necessary** to expedite the flow of discovery material, promote prompt resolution of disputes over confidentiality, and facilitate the preservation of material arguably worthy of protection.  See McCarthy v. Barnett Bank of Polk County, 876 F.2d 89, 91 (11th Cir. 1989); In re Alexander Grant & Co. Litigation, 820 F.2d at 356.

The Court notes that the Consent Protective Order, as proposed, provides for the filing of sealed documents without prior approval of the Court.  The parties should be aware that both public interest and Court policy discourage the filing of large volumes of information under seal.   Leave of Court must be obtained **before** confidential material may be filed under seal.  Accordingly, the parties should revise paragraph 5 of the Stipulated Protective Order to provide that materials will be filed under seal only after Court approval is obtained.  In the absence of a showing of clear necessity and a lack of viable alternatives, the parties should not expect Court approval of the routine submission of materials for in camera filings.

Accordingly, after due consideration, it is hereby

**ORDERED:**

1. The Notice and the Stipulated Protective Order (Doc. 13) shall be **STRICKEN** from the record and returned to Defendant's counsel.

2.  If the parties continue to believe a protective order is necessary in the instant case, they may either proceed without Court intervention or file an appropriate motion, with an accompanying stipulated protective order, for the Court's consideration.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  7th  day of September, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record